IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Marzella Haynes, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 6208 |
| Arrow Financial Services, LLC, a Delaware limited liability company and Northland Group, Inc., a Minnesota corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Marzella Haynes, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; b) Defendant Arrow is headquartered here; and, c) both Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Marzella Haynes ("Haynes"), is a citizen of the State of Wisconsin, from whom Defendants attempted to collect a delinquent consumer debt owed for an HSBC credit card, which was then allegedly owed to a bad debt buyer,

Arrow Financial Services, LLC. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

     4.     Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its headquarters in Niles, Illinois, Arrow operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Arrow was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

     5.     Defendant Arrow is licensed to conduct business in the State of Illinois, is headquartered here, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Arrow conducts business in Illinois.

     6.     Defendant Arrow is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Arrow acts as a collection agency in Illinois.

     7.     Defendant Arrow is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Northland.

     8.     Defendant, Northland Group, Inc. ("Northland"), is a Minnesota corporation

that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Northland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9. Defendant Northland is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Defendant Northland conducts business in Illinois.

10. Defendant Northland is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Defendant Northland acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Haynes is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC credit card. At some point in time after that debt became delinquent, Defendant Arrow bought Ms. Haynes' HSBC debt. When Defendant Arrow began trying to collect this debt from her, by having another collection agency, Tate & Kirlin Associates, demand payment of this debt, Ms. Haynes sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Arrow's collection actions.

12. Accordingly, on January 4, 2010, one of Ms. Haynes' attorneys at LASPD informed Defendant Arrow, in writing, through its agent, Tate & Kirlin Associates, that

Ms. Haynes was represented by counsel, and directed Arrow to cease contacting her, and to cease all further collection activities because Ms. Haynes was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Nonetheless, despite being advised that Ms. Haynes was represented by counsel and refused to pay the debt, Defendant Arrow had Defendant Northland send Ms. Haynes a collection letter, dated June 18, 2010, which demanded payment of the HSBC/Arrow debt. A copy of this letter is attached as Exhibit F.

14. Accordingly, on September 9, 2010, Ms. Haynes' attorneys at LASPD had to again inform Defendant Arrow, this time through Defendant Northland, that it must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit G.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

4

refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Haynes' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Haynes was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Arrow, in writing, through its agent, that Ms. Haynes was represented by counsel, and had demanded a cessation of communications with Ms. Haynes. By sending a collection letter to Ms. Haynes, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Marzella Haynes, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Haynes, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marzella Haynes, demands trial by jury.

Marzella Haynes,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: September 28, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com